No. 56,804

STATE OF KANSAS, *Appellee*, v. VINCENT M. CUNNINGHAM, *Appellant*.

(695 P.2d 1280)

Opinion filed March 2, 1985.

*Ronald E. Wurtz*, of Topeka, argued the cause and was on the brief for appellant.

*Randy M. Hendershot*, assistant district attorney, argued the cause and *Robert T. Stephan*, attorney general, and *Gene M. Olander*, district attrorney, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: Vincent Cunningham appeals his conviction by a jury of aggravated burglary (K.S.A. 21-3716), aggravated robbery (K.S.A. 21-3427) and unlawful possession of a firearm (K.S.A. 21-4204). The jury also returned a verdict convicting defendant of one count of aggravated assault but it was set aside upon a post-trial motion. The court granted the State's motion to invoke the habitual criminal act (K.S.A. 1984 Supp. 21-4504) in sentencing the defendant. Cunningham appeals from his convictions and sentences claiming numerous errors, none of which has merit.

The facts are not disputed. As the owner and two employees opened a Topeka grocery store on October 28, 1983, they found two hooded men inside the store. The owner, Raymond Tilton, exchanged gunfire with one of the men before they fled. After they left, the employees found blood on the floor, and deter-

mined that $500.00 was taken from the store. Later the owner discovered a large hole in the back wall of his store. Police officers arrived with a canine unit but were able to follow the trail only to a group of bushes where, with the aid of daylight, they found a shotgun, a paper bag containing one dollar bills and a light blue stocking cap. Fingerprints left at the scene and a telephone tip from a confidential informant subsequently led to defendant's arrest.

After defendant's arrest the court granted the State's motion to compel defendant to give hair and blood samples and submit to an x-ray of his arm, which exhibited a wound consistent with a bullet wound. Defendant's hair sample did not match hair removed from the stocking cap recovered by the police. However, after comparing blood recovered from the cap and from the floor of the store with the blood sample from defendant, the State's forensic examiner concluded the blood could have all come from the defendant. The x-ray of defendant's left elbow revealed metallic fragments most likely the result of a gunshot wound, although the precise caliber could not be determined.

Cunningham's defense was alibi. Two witnesses testified he was in Ottawa on the date of the burglary. They also testified defendant's gunshot wound was received three weeks prior to the date in question. Other facts will be discussed as they pertain to the issues raised on appeal.

The first point raised on appeal is that the preliminary hearing magistrate erred in admitting certain hearsay testimony and evidence and basing his finding of probable cause thereon. At the preliminary hearing a fingerprint examiner for the Topeka police department testified about fingerprint cards retrieved from the department's files. The cards bore the prints of the defendant and were maintained in the regular course of the police department's business. The officer compared the prints on these cards with latent fingerprints recovered from the scene of the crime and concluded they matched. Throughout this testimony defense counsel objected on grounds of hearsay and lack of foundation. Those objections are now renewed on appeal.

K.S.A. 1984 Supp. 21-2501 governs the fingerprinting of suspects. Subsection (a) states:

"It is hereby made the *duty* of every sheriff, *police department* or countywide law enforcement agency in the state, immediately to cause *two* sets of fingerprint impressions to be made of a person who is arrested if the person:

"(1) Is wanted for the commission of a felony or believed to be a fugitive from justice." (Emphasis added.)

Subsection (b) requires that the two sets of impressions shall be forwarded to the KBI, which in turn shall forward one set to the FBI. Subsection (c) allows any of the identified law enforcement agencies to

"take and retain for its own use *copies* of fingerprint impressions of a person specified in subsection (a), together with a comprehensive description and such other data and information as necessary to properly identify such person." (Emphasis added.)

We considered in *State v. Rives*, 220 Kan. 141, 551 P.2d 788 (1976), the admissibility of fingerprint cards made under K.S.A. 21-2501 (Weeks), in light of the prohibitions against hearsay evidence. We determined that such records in the hands of the KBI were business entries under K.S.A. 60-460(m) and as such were admissible as an exception to the hearsay rule.

The thrust of defendant's claim in this case is that, although the fingerprint cards kept by the KBI qualify for the business entries exception to the hearsay rule under *Rives*, the fingerprint cards at issue in this case were kept by the local police department and as there is no corresponding statutory requirement that they be made and kept by the local authorities they do not qualify for the business entry exception. There is no requirement that business entries must result from a statutory duty to qualify as an exception under K.S.A. 60-460(m). These obviously were records kept by the police department in the regular course of its business. Sufficient foundation was laid for their admission by testimony of a police officer who at one time had been in charge of the identification division and who was clearly qualified by knowledge of the facts. See *State v. Cremer*, 234 Kan. 594, Syl. ¶ 2, 676 P.2d 59 (1984). The judge at the preliminary hearing properly admitted the testimony and fingerprint cards into evidence.

The second point on appeal is defendant's claim the trial court should have granted his motion to dismiss for the grounds stated in the first issue. Having found no error on the first issue, the second obviously also lacks merit.

The third issue is whether the trial court erred in refusing to dismiss the counts of aggravated robbery and possession of a

firearm. The defendant's motion was made on grounds there was no evidence as to which of the two intruders actually took the money, and there was testimony that only one of the men carried a gun. The motion was denied after the court found the evidence before the magistrate was adequate.

Unlawful possession of a firearm is prohibited by K.S.A. 21-4204. Defendant does not contend the elements of the crime as therein defined have not been met. Rather, he contends the crime requires proof of defendant's *actual control* of the firearm, and because the testimony before the magistrate showed only that one of the two masked men possessed the gun, the magistrate had no probable cause to believe it was defendant rather than his accomplice. In support of this contention defendant relies on *State v. Stuart and Jones*, 223 Kan. 600, 575 P.2d 559 (1978). There we held that K.S.A. 21-4618, requiring mandatory sentencing for certain crimes committed with a firearm, does not apply to an unarmed accomplice. *Stuart and Jones*, 223 Kan. 600, Syl. ¶ 5. However, clearly that decision was based wholly on the unique language of K.S.A. 21-4618:

"By the terms of the statute, probation, parole or suspension of sentence is denied to any defendant convicted of an article 34 crime in which 'the defendant used any firearm in the commission thereof and such defendant shall be sentenced . . . .' The term 'defendant' is used in the singular throughout the statute. At no time is the term 'defendants' used. By the same token the statute does not refer to mandatory sentencing applying to aiders and abettors, accomplices or co-conspirators. It is well understood that criminal statutes must be strictly construed against the state and in favor of the defendant. We hold that the statute applies only to the defendant personally armed with a firearm at the time the crime is committed." 223 Kan. at 607.

The particular language of K.S.A. 21-4618 is not repeated in the statute at issue here, K.S.A. 21-4204. *Stuart and Jones* does not support defendant's claim that unlawful possession of a firearm under K.S.A. 21-4204 requires proof of defendant's actual control of the weapon. As the State points out, the courts of this state have in very similar situations allowed a defendant to be charged with unlawful possession of a firearm when there was no evidence of "actual control." See *State v. Boster*, 4 Kan. App. 2d 355, 361, 606 P.2d 1035 (1980) (charge of unlawful possession proper where gun found in trunk of a car over which defendant asserted control); *State v. Goodman*, 3 Kan. App. 2d 619, 627, 599 P.2d 327 (1979) (gun found in defendant's car adequate to sup-

port charge of unlawful possession even though there was evidence there might have been two or more persons occupying the vehicle before it was abandoned); *State v. Porter*, 201 Kan. 778, 782, 443 P.2d 360 (1968), *cert. denied* 393 U.S. 1108 (1969) (charge of possession proper where pistol retrieved from a drawer in a bedroom defendant shared with his wife); *cf. State v. Hart*, 200 Kan. 153, 434 P.2d 999 (1967) (defendant can be charged with possession of burglary tools even though one of the tools was found on defendant's companion; possession of tools may be joint as well as individual, and two or more persons may have the power of control over them and intend to control and use them jointly.)

The facts of the present case easily fall within the same analysis. Furthermore, a holding that where one of two indistinguishable burglars wields a gun during the crime either or both may be charged with unlawful possession of the firearm is consistent with traditional aiding and abetting law. It is well settled that all participants in a crime are equally guilty without regard to the extent of their participation, and that any person who counsels, aids or abets in the commission of an offense may be charged, tried and convicted in the same manner as though he were a principal. *State v. Maxwell*, 234 Kan. 393, Syl. ¶ 6, 672 P.2d 590 (1983). The point lacks merit.

The fourth point on appeal is that the court erred in compelling defendant to provide the State with hair and blood samples, as well as an x-ray of his arm to disclose the nature of a wound. Defendant attacks the evidence of probable cause for the issuance of the order. We have carefully considered the procedure and evidence of the State in establishing probable cause for the order and find no error.

Defendant's fifth point is that the sentence imposed on him was excessive and disproportionate to the crimes. The court invoked the habitual criminal act and sentenced defendant to thirty years to life for the aggravated robbery conviction. The sentences on the other counts were to run concurrently with the one for aggravated robbery.

A sentence imposed by a trial court will not be disturbed on appeal provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, oppression or corrupt motive. *State v. Coberly*, 233 Kan. 100, Syl. ¶ 5, 661

P.2d 383 (1983). When a trial court's sentence is within the statutory limits set by the legislature it will not be disturbed on appeal in the absence of special circumstances showing an abuse of discretion. *State v. Stellwagen*, 232 Kan. 744, Syl. ¶ 6, 659 P.2d 167 (1983). The sentences imposed were within the bounds prescribed by the statutes and no partiality, prejudice, oppression, corrupt motive or abuse of discretion has been shown.

Defendant next contends the magistrate's finding of probable cause to issue a warrant was based on impermissible hearsay in the State's affidavit. The hearsay complained of was shown to be creditable and was not impermissible. See *Wilbanks v. State*, 224 Kan. 66, 72, 579 P.2d 132 (1978), and cases cited therein.

For his seventh point defendant claims error in that the court failed to give an eyewitness instruction as required by *State v. Warren*, 230 Kan. 385, 635 P.2d 1236 (1981). There was no eyewitness identification in this case and the instruction was not warranted or justified.

Next defendant claims prosecutorial misconduct in referring to defendant's prior record during jury voir dire. No transcript of the voir dire examination has been furnished and there is nothing for us to review. In addition we note defendant was charged with and convicted of unlawful possession of a firearm under K.S.A. 21-4204(1)(b) and the comments, whatever they were, may have been entirely proper.

Finally, defendant asserts he was denied his right to a speedy trial in violation of K.S.A. 22-3401 and 22-3402. Defendant had a first appearance December 2, 1983, was arraigned December 19, 1983, and trial commenced February 6, 1984, all well within the ninety-day provision of the statutes.

In addition to the foregoing points raised by industrious and conscientious counsel in his brief and argument, defendant has filed a pro se brief in excess of forty-seven legal size pages in which he asserts twelve points, many of which overlap, are the same as, or expand upon those raised by his counsel. It appears that defendant has been critical of his counsel's efforts throughout these proceedings, but the record reflects no basis whatsoever for such criticism. Defendant has been well represented. We have carefully considered the defendant's pro se brief and all of the issues and arguments therein and find nothing indicating error.

The judgment is affirmed.