No. 58,921

STATE OF KANSAS, *Appellee*, v. JOHN BENJAMIN ALSUP, *Appellant*.

(722 P.2d 1100)

Opinion filed July 18, 1986.

*Tom Crossan,* of Independence, argued the cause and was on the brief for appellant.

*Sally Davis Pokorny,* county attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with her on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: This is a direct appeal from a criminal proceeding in which the appellant, John Alsup, pled no contest to one count of aggravated robbery (K.S.A. 21-3427) and one count of kidnapping (K.S.A. 21-3420).

The charges against Alsup arose from the following incident. In the late afternoon of November 13, 1982, appellant entered the Caney Drugstore in Caney, Kansas. He grabbed Diana Pinegar, a 14-year-old drugstore employee, and pointed a sawed-off shotgun at her abdomen. He then ordered Don Wagner, the store owner, to the back of the store and forced Harold Winkler, the pharmacist, to lie on the floor. Alsup demanded that Wagner give him some drugs—demerol, preludin, and dilaudid—and threatened to kill Diana if Wagner didn't comply. After obtaining the drugs, Alsup took Diana out of the store and told Wagner, "[I]f the police show up, she's dead."

Charges were filed against Alsup on December 2, 1982, but the preliminary hearing did not take place until November 21,

1984. The delay resulted from Alsup being incarcerated in Oklahoma for another offense. He was returned to Kansas after he filed a demand for trial pursuant to the Interstate Agreement on Detainers. A jury trial was set for April 16, 1985.

One day before the scheduled trial date, appellant's attorney, Robert Claus, moved to withdraw as counsel because he and Alsup disagreed on the manner in which to conduct Alsup's defense. The trial court granted the motion and appointed Tom Crossan to represent the appellant. However, at the hearing on Claus' motion to withdraw, Alsup objected to Claus' withdrawal and informed the trial court he wanted to plead to the offenses for which he was charged. The trial court urged him to wait and speak to Crossan, cautioned him of the consequences and inquired as to his understanding of the plea. Upon obtaining satisfactory answers from Alsup, the court finally accepted his nolo contendere plea, all as more fully set out later in this opinion.

The appellant was sentenced to a term of not less than five years nor more than life for the offense of aggravated robbery and to a term of not less than ten years nor more than life for the offense of kidnapping, with the sentences to run consecutively to each other and consecutively with sentences for any crimes for which appellant was previously sentenced or on parole.

K.S.A. 22-3602(a) precludes a direct appeal from a "judgment of conviction" where the defendant pleads guilty or nolo contendere. However, in this case the court permitted extensive additional discovery and held additional hearings after the plea and before pronouncing sentence some six months later. In light of the foregoing circumstances we consider this appeal as if it were a proceeding under K.S.A. 60-1507 and not a direct appeal. We thus have jurisdiction of the appeal.

Let us turn to the merits of the case. Appellant first alleges the trial court erred in allowing his trial counsel, Robert Claus, to withdraw just one day before the appellant's scheduled trial date.

In support of his contention, appellant cites Supreme Court Rule 117 (235 Kan. civ), which provides:

"WITHDRAWAL OF ATTORNEY. An attorney who has appeared of record in any proceeding may withdraw; but he shall be relieved of his duties to the court, his client, and opposing counsel only when he has served a motion for withdrawal on the client and on opposing counsel, filed a copy of the motion and

proof of the service thereof with the clerk, and the judge has entered an order approving the withdrawal. No such order shall be required if another attorney authorized to practice law in this state is appearing of record to represent the client."

Claus made an oral motion to withdraw in the presence of the appellant in a proceeding which was on the record. Additionally, the court allowed Alsup to comment regarding his (Alsup's) reasons for not wanting Claus to withdraw. Claus did serve a formal motion to withdraw on Alsup and opposing counsel and filed the motion with the court on the same day as the proceeding. Under these circumstances, it appears Rule 117 has been substantially complied with.

Alsup's primary argument on appeal is that the trial court erred in accepting his nolo contendere plea. Alsup argues his plea was not voluntary because it was induced by "long delays" perpetrated by the court and counsel for both sides.

The acceptance of a plea of guilty or nolo contendere is governed by K.S.A. 1985 Supp. 22-3210, which provides as follows:

"(a) Before or during trial a plea of guilty or *nolo contendere* may be accepted when:

"(1) The defendant or counsel for the defendant enters such plea in open court; and

"(2) in felony cases the court has informed the defendant of the consequences of the plea and of the maximum penalty provided by law which may be imposed upon acceptance of such plea; and

"(3) in felony cases the court has addressed the defendant personally and determined that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea; and

"(4) the court is satisfied that there is a factual basis for the plea.

"(b) In felony cases the defendant must appear and plead personally and a verbatim record of all proceedings at the plea and entry of judgment thereon shall be made.

"(c) In traffic infraction and misdemeanor cases the court may allow the defendant to appear and plead by counsel.

"(d) A plea of guilty or *nolo contendere* for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged. To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea."

We discussed the necessity for this statutory procedure in *Trotter v. State*, 218 Kan. 266, 268-69, 543 P.2d 1023 (1975):

"The procedure set out in the statute is in compliance with and embodies the requirements of due process as interpreted by the United States Supreme Court

in *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed.2d 274, 89 S. Ct. 1709. [Citation omitted.] It has long been recognized that to satisfy the requirements of due process, a plea of guilty must be both knowing and voluntary. [Citations omitted.] The new due process requirement added by *Boykin* was 'that the record must affirmatively disclose' a knowing and voluntary plea. *Brady v. United States,* 397 U.S. 742, 747-48, n.4, 25 L. Ed. 2d 747, 90 S. Ct. 1463."

We further held in *Trotter* that a failure to strictly comply with 22-3210 is harmless if it can be determined that the plea of guilty (or no contest) is knowingly and voluntarily made. 218 Kan. at 269. See also *James v. State,* 220 Kan. 284, 287, 553 P.2d 345 (1976), where we held strict compliance with 22-3210 is not mandatory if the purpose of the statute is served.

A review of the record in the instant case reveals the appellant's plea of nolo contendere was knowingly and voluntarily made and indicates the procedures followed by the trial court substantially complied with K.S.A. 1985 Supp. 22-3210.

The following colloquy occurred between the trial court and Alsup:

"THE COURT: Well, Mr. Alsup, we better take this one step at a time. I have allowed Mr. Claus to withdraw. At this point, you are not represented by counsel in this case, and I understand your request. You are requesting that you not be re-appointed counsel of record?

"DEFENDANT ALSUP: Yes, Your Honor. I waive that right.

"THE COURT: You understand that you are charged with serious violations of the law? I think they have been explained to you in open court.

"DEFENDANT ALSUP: Yes.

"THE COURT: Ones for which lengthy prison sentences are possible. You understand that?

"DEFENDANT ALSUP: (Nods head affirmatively) Yes, Your Honor, I am fully aware of the consequences of my charges."

The trial court continued:

"THE COURT: Mr. Alsup, how old are you?

"DEFENDANT ALSUP: I will be thirty in October.

"THE COURT: How much education do you have?

"DEFENDANT ALSUP: I have an Associate's degree in academic college. I got my GED while I was in the penitentiary.

"THE COURT: Where did you get the Associate's degree?

"DEFENDANT ALSUP: From South Oklahoma City Junior College.

"THE COURT: Did you get that while you were in the penitentiary?

"DEFENDANT ALSUP: Part in part out.

"THE COURT: How far did you go in formal school?

"DEFENDANT ALSUP: I went in the Marine Corps after the summer after my eleventh grade, Your Honor. Your Honor, what is your disposition on me requesting that I represent myself?

"THE COURT: I haven't made one yet."

After this exchange, the court informed Alsup his request to represent himself was denied, and Tom Crossan was appointed to represent him. The court also stated the matter would be set for trial in thirty days. Alsup then stated he wanted appointed counsel only if there would be no further delay in trial. At that point, a rather long conversation ensued between Alsup and the court, a review of which is crucial to a determination of the voluntariness of defendant's confession. Therefore, it will be repeated in full here:

"DEFENDANT ALSUP: Okay. Your Honor, I'm fully aware of the ramifications of my statement I am about to make. And if you would just bear with me. I realize it's getting late and everybody has got things to do. Your Honor, I once had a little boy like that right there. (Indicating) And the last time I seen him he was about that high. And he run up to me and he hugged me and he said 'Daddy, I want to grow up and be big just like you.' And I was a drug addict then, and it was two days before they arrested me for this charge. Well, I want my son to grow up and be just like me, but I want him to be able to admit his mistakes. Now, so I won't appear to be out of order and blunder, may we have a recess so that I can talk to you?

"THE COURT: Well, I don't know what you are getting at here, Mr. Alsup, but it is—it is not going to be possible for you to discuss something with me off the record. And I want to caution you of one other thing. You are not represented by counsel now.

"DEFENDANT ALSUP: I understand that.

"THE COURT: There are certain things we are here to do today, and certain things we are not here to do today. I know what I plan to do is continue your case, and I will try to give you a day, and I will try to assure you that we will not go beyond that date set for trial. That will give you time to talk to your attorney and hopefully he will become familiar with your case. And if there is something that you want to bring up to the Court, then you will have a chance to do it through the attorney. Now, that's the way I would prefer to proceed. And I don't know what you are getting ready to tell the Court, but it's unusual, and I don't want these statements—these statements are on the record and they are statements that can be used against you. I want to caution you about that before we go further.

"DEFENDANT ALSUP: Yes, Your Honor.

"THE COURT: Now, with that in mind and taking into account that I'm not going to discuss something with you that is off the record, is there anything else that you want to do today?

"DEFENDANT ALSUP: Yes, Your Honor. For the record, now that this is on record, Your Honor, as you know, I have been here six months and we went through some things that have been questionable; and I realize that I have the right to remain silent, anything I can say will be used against me; but, Your Honor, I realize I have no counsel, and I hold no one liable. I wish to throw myself at the mercy of the Court and confess that I'm guilty as charged, and I

have no further statement other than to give you a written explanation. That's all I can say. And I thank you for your time, everyone in the courtroom.

"THE COURT: Mr. Alsup, do I understand that you want to enter some kind of a plea today?

"DEFENDANT ALSUP: I am pleading guilty. I know what they have offered me, but I sense a miscarriage of justice here if I accept that offer, and you are a judge and you know the law. Now, I threw [sic] myself at the mercy of the Court and enter a plea of no contest."

After examining a transcript of the preliminary hearing to confirm there was a factual basis for the plea, the court accepted Alsup's plea of nolo contendere.

A thorough review of the transcript indicates Alsup pled no contest because he knew he was guilty of the offenses with which he was charged and he did not want to take advantage of the plea bargain offered him because that would be a "miscarriage of justice." The plea bargain referred to pertained to a recommended sentence of five to life on each count. When Claus withdrew, the plea bargain was cancelled.

The trial court addressed the appellant personally and at length, and a record was made of the entire proceeding. The court determined the plea was voluntary only after examining the factual basis for the plea and questioning the appellant regarding his understanding of the nature of the charges against him and the potential punishment. When the total circumstances of the appellant's plea are examined, we have no hesitation in holding the plea was knowingly and voluntarily made. Accordingly, the court did not err in denying appellant's motion to withdraw his nolo contendere plea.

Appellant next alleges he received an excessive sentence. Alsup was sentenced to consecutive terms of not less than five years nor more than life for aggravated robbery and not less than ten years nor more than life for kidnapping.

A sentence imposed by the trial court will not be disturbed on appeal on the ground it is excessive provided it is within the limits prescribed by law and within the realm of discretion on the part of the trial court, and the sentence is not the result of partiality, prejudice, or corrupt motive. *State v. Cunningham,* 236 Kan. 842, 846, 695 P.2d 1280 (1985).

The appellant was convicted of two class B felonies, which carry a minimum term of imprisonment of not less than five years nor more than fifteen years and a maximum term of not less than twenty years nor more than life. K.S.A. 1985 Supp. 21-4501(b).

The sentences were clearly within the statutory limits and the appellant does not allege the sentences resulted from partiality, prejudice, or corrupt motive. Accordingly, the sentences imposed were not excessive and there was no abuse of discretion by the trial court.

As his next point on appeal, appellant contends the $500,000 appeal bond is "grossly excessive." Since Alsup is serving time in Oklahoma, this issue is moot. However, even if the issue were not moot, the bond is not excessive when considered in light of the factors listed in K.S.A. 22-2802(4):

"(4) In determining which conditions of release will reasonably assure appearance, the magistrate shall, on the basis of available information, take into account the nature and circumstances of the crime charged, the weight of the evidence against the defendant, the defendant's family ties, employment, financial resources, character and mental condition, the length of said defendant's residence in the community, said defendant's record of convictions, and said defendant's record of appearance at court proceedings or of flight to avoid prosecution or failure to appear at court proceedings."

The appellant was convicted of two violent and serious felonies in this state and is currently serving a prison sentence in Oklahoma for shooting with intent to kill. Under the circumstances, the amount of the appeal bond was not excessive.

Appellant next contends the court erred in placing him in the custody of the Secretary of Corrections of the State of Kansas, when he still had time remaining on his Oklahoma sentence. The State concedes this issue but correctly points out the issue is now moot since appellant is presently in custody at the Conner Correctional Institute in Oklahoma.

As his final point, appellant alleges the trial court erred in failing to credit him with the period of time spent in the Montgomery county jail awaiting trial. The State concedes this issue and states that the journal entry is in the process of being corrected to provide credit for time served.

The judgment of the trial court is affirmed in part and reversed as to credit for time served.

HOLMES, J., dissenting: It has long been the law in Kansas that the right to appeal is purely statutory. If we do not have jurisdiction under proper statutory authority, we cannot create it by stating that we "consider this appeal as if it were a proceeding under K.S.A. 60-1507 and not a direct appeal." While judicial

economy and expediency may be justified under certain circumstances, it is no substitute for jurisdiction.

I further dissent from the holding that the plea of nolo contendere was knowingly and voluntarily made. The court felt it was necessary to protect the defendant's interests by appointing counsel when defendant wanted to waive the right to counsel and proceed pro se. How can it be said that a defendant needs counsel and then allow the defendant to proceed without consulting with the counsel the court found was necessary? I firmly believe that when a defendant is represented by counsel there should never be court proceedings or interrogation without that counsel at least being given the opportunity to be present to safeguard his client's interests. Anything less is a lack of due process of law.

I would reverse the judgment.