## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,**
**Respondent**

**vs) No. 13-0396** (Berkeley County 12-F-175)

**John Walters, Defendant Below,**
**Petitioner**

**FILED**

January 17, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner John Walters, by counsel Nicholas Forrest Colvin, appeals the Circuit Court of Berkeley County's March 28, 2013, order sentencing him to consecutive terms of incarceration of one to fifteen years, two to ten years, and forty years following his guilty pleas to one count of burglary, one count of malicious assault, and one count of first degree robbery. The State, by counsel Cheryl K. Saville, filed a response and a supplemental appendix. On appeal, petitioner alleges that his sentence is impermissibly excessive and that he received ineffective assistance of counsel below.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2012, a Berkeley County Grand Jury indicted petitioner on the following charges: one count of burglary; one count of attempted murder; one count of malicious assault; one count of domestic battery; one count of first degree robbery; and one count of assault during the commission of a felony. The indictment stemmed from an incident during which petitioner used a crowbar and knife to gain entry to his ex-girlfriend's home. The victim called 911 and stated she believed someone was in her home. While on the phone with emergency services, petitioner entered the victim's bedroom and demanded money and other items. Petitioner then struck the victim with a hammer he obtained from the residence and left with the victim's cell phone and approximately $700 from the home.

Pursuant to an agreement, petitioner entered guilty pleas to one count of burglary, one count of malicious assault, and one count of first degree robbery in January of 2013. The remaining counts from the indictment were dismissed and the State further agreed not to bring a recidivist action against petitioner for prior felony convictions. Sentencing was left to the circuit court's discretion and was continued to obtain a presentence investigation report. In March of

1

2013, the circuit court sentenced petitioner to the following terms of incarceration: one to fifteen years for burglary, two to ten years for malicious assault, and forty years for first degree robbery, said sentences to run consecutively. It is from the sentencing order that petitioner appeals.

We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). Upon our review, we find no error in the circuit court's sentencing of petitioner. To begin, petitioner makes no argument concerning the sentences for malicious assault or burglary. As such, the Court is not required to address these sentences. However, we note that the sentences imposed for malicious assault and burglary were done so within the applicable guidelines set forth in West Virginia Code §§ 61-2-9(a) and 61-3-11(a), and were not based on any impermissible factors. As such, these sentences are not subject to appellate review. *Id*. at 717, 696 S.E.2d at 19.

Petitioner argues only that his forty-year sentence for first degree robbery is excessive in violation of Article III, Section 5 of the West Virginia Constitution. In addressing the limitation on appellate review of sentences as set forth above, however, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v. Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). We note that the statute under which petitioner was sentenced for first degree robbery, West Virginia Code § 61-2-12(a), provides no upper limit. As such, petitioner's sentence for this crime is reviewable.

In addressing excessive sentences, this Court has held as follows:

"In determining whether a given sentence violates the proportionality principle . . ., consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syl. Pt. 5, in part, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

Syl. Pt. 5, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds that petitioner's forty-year sentence for first degree robbery is not excessive. First, the nature of the offense supports the circuit court's sentence. While petitioner argues that the facts of the case and his acceptance of responsibility support a lesser sentence, the Court disagrees. Specifically, petitioner admitted that after discovering his ex-girlfriend was seeing someone new, he was consumed with anger to the point that he stopped going to work and eventually decided to use a knife and crowbar to break into the victim's home with the intention of killing her and her new boyfriend. While inside the home, petitioner struck the victim with a hammer and inflicted injuries that required medical attention and caused partial memory loss in the victim. According to her impact statement, the victim has since sold her home because she is fearful of being alone and remains afraid to fall asleep. Based upon these facts, petitioner's sentence is not excessive.

2

Second, the legislative purpose in enacting the statute under which petitioner was sentenced clearly supports the sentence imposed, as we have noted that first degree robbery is a dangerous crime involving "a high potentiality for violence and injury to the victim involved." *State v. Adams*, 211 W.Va. 231, 234, 565 S.E.2d 353, 356 (2002) (quoting *State v. Ross*, 184 W.Va. 579, 582, 402 S.E.2d 248, 251 (1990)). Finally, the punishment petitioner received is not excessive when compared to other jurisdictions or our own jurisdiction. In *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999), this Court upheld an eighty-four year sentence for aggravated robbery in which no victims were injured, unlike the current matter. In addressing the appropriateness of that sentence, the Court also addressed cases from other jurisdictions wherein defendants received comparable sentences. *Id*. at 428-29, 518 S.E.2d at 669-70 (citing *State v. Alsup*, 239 Kan. 673, 722 P.2d 1100 (1986); *Robinson v. State*, 743 P.2d 1088 (Okla.Crim.App. 1987); *State v. Whitaker*, 260 Kan. 85, 917 P.2d 859 (1996). For these reasons, it is clear that a comparison of punishments from within this jurisdiction and from other jurisdictions supports petitioner's sentence. As such, we find that petitioner's sentence is not unconstitutionally excessive.

As to petitioner's second assignment of error regarding alleged ineffective assistance of counsel, we decline to address this issue in light of our prior holdings. Specifically,

> [w]e have urged counsel repeatedly to think of the consequences of raising this issue on direct appeal. Claims that an attorney was ineffective involve inquiries into motivation behind an attorney's trial strategies. *See State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995). Without such facts trial counsel's alleged lapses or errors will be presumed tactical moves, flawed only in hindsight. What is more, in the event a defendant pursues his claim on direct appeal and it is rejected, our decision will be binding on the circuit court through the law of the case doctrine, 'leaving [defendant] with the unenviable task of convincing the [circuit court] judge that he should disregard our previous ruling.' *U.S. v. South,* 28 F.3d 619, 629 (7th Cir.1994). That is why in *Miller* we suggested that a defendant who presents an ineffective assistance claim on direct appeal has little to gain and everything to lose.

*State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995). According to petitioner, his original trial counsel failed to present him with a pre-arraignment plea offer from the State that was more favorable than what petitioner eventually accepted. While petitioner does present detailed argument and documents in support of his claim of ineffective assistance of counsel, the State also points out that several supporting documents were not included in the record below and are, therefore, improper for inclusion in the record on appeal. Further, the State argues that additional evidence is available that contradicts petitioner's assertions in regard to this assignment of error. As such, the Court declines to address this issue on appeal because the record is insufficient. The claim of ineffective assistance of counsel would more appropriately be addressed pursuant to a petition for writ of habeas corpus. If he desires, petitioner may pursue a petition for writ of post-conviction habeas corpus.

For the foregoing reasons, the circuit court's March 28, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

4