# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**FILED**

May 18, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 14-0442** (Kanawha County 13-F-383)

**Aaron Chapman, Defendant Below,
Petitioner**

## MEMORANDUM DECISION

Petitioner Aaron Chapman, by counsel Brian Yost, appeals the Circuit Court of Kanawha County's December 2, 2013, order sentencing him to consecutive terms of incarceration for eighty-years for one count of first-degree robbery and two to ten years for one count of malicious wounding. The State of West Virginia, by counsel Laura Young, filed a response. On appeal, petitioner argues that his sentence for first-degree robbery is impermissibly excessive and that the circuit court abused its discretion by placing undue emphasis on the victim impact statements during sentencing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On July 27, 2013, petitioner, pled guilty by Information to one count of first-degree robbery and one count of malicious wounding per a plea agreement. These charges stemmed from an incident in which, following an evening of drinking alcohol and consuming drugs, petitioner entered the victim's residence in search of money or prescription drugs. After being confronted by the victim, petitioner struck the victim and left the residence with a television and several pieces of jewelry. In December of 2013, the circuit court sentenced petitioner to a term of incarceration of eighty-years for one count of first-degree robbery in violation of West Virginia Code § 61-2-12(a) and a consecutive term of incarceration of two to ten years for one count of malicious wounding in violation of West Virginia Code § 61-2-9. It is from the sentencing order that petitioner appeals.

On appeal, petitioner argues only that his eighty-year sentence for first-degree robbery is disproportionate in violation of Article III, Section 5 of the West Virginia Constitution. In addressing the limitation on appellate review of sentences, we have stated that "[s]entences imposed under statutes providing no upper limits may be contested based upon allegations of violation of the proportionality principles contained in Article III, Section 5 of the West Virginia Constitution." *State v. Tyler*, 211 W.Va. 246, 250, 565 S.E.2d 368, 372 (2002) (citing *State v.*

1

*Rogers*, 167 W.Va. 358, 360, 280 S.E.2d 82, 84 (1981)). We note that the statute under which petitioner was sentenced for first-degree robbery, West Virginia Code § 61-2-12(a), provides no upper limit. As such, petitioner's sentence for this crime is reviewable.[1]

There are two tests to determine whether a sentence is constitutionally disproportionate. However, this Court does not need to address whether petitioner's sentence is subjectively disproportionate. In his brief, petitioner acknowledges that he is not arguing that the sentence imposed "shocks the conscience."

In addressing excessive sentences, this Court has held as follows:

> "In determining whether a given sentence violates the proportionality principle . . ., consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." Syl. Pt. 5, in part, *Wanstreet v. Bordenkircher*, 166 W.Va. 523, 276 S.E.2d 205 (1981).

Syl. Pt. 5, *State v. James*, 227 W.Va. 407, 710 S.E.2d 98 (2011). Upon our review, the Court finds that petitioner's eighty-year sentence for first-degree robbery is not excessive. While petitioner argues that his acceptance of responsibility supports a lesser sentence, the Court disagrees. First, the nature of the offense supports the circuit court's sentence. Petitioner admitted that, despite knowing that the victim was home, he knowingly entered the victim's residence. Petitioner also admitted that "[i]t was a cruel, heinous crime." While inside the residence, petitioner "destroyed the house in a rage" and struck the victim with his hands. Furthermore, the victim impact statements reveal the extreme violence of the crime. The statements also reveal that as a result of petitioner's actions, the victim suffered multiple facial fractures, multiple brain bleeds, cervical fractures, multiple broken ribs, and a broken arm.

Petitioner further argues that a comparison of the punishments in our neighboring States, as well within this State, support a lesser sentence. Again, this Court disagrees. The legislative purpose in enacting the statute under which petitioner was sentenced clearly supports the sentence imposed, as we have noted that first-degree robbery is a dangerous crime involving "a high potentiality for violence and injury to the victim involved." *State v. Adams*, 211 W.Va. 231, 234, 565 S.E.2d 353, 356 (2002) (quoting *State v. Ross*, 184 W.Va. 579, 582, 402 S.E.2d 248, 251 (1990)). The punishment petitioner received is not excessive when compared to other

---

[1]Petitioner does not challenge his sentence for malicious wounding. We have previously held that "'[t]he Supreme Court of Appeals reviews sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands.' Syllabus Point 1, in part, *State v. Lucas*, 201 W.Va. 271, 496 S.E.2d 221 (1997)." Syl. Pt. 2, *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010). As such, the Court is not required to address this sentence. However, we note that the sentence imposed for malicious wounding is within the applicable guidelines set forth in West Virginia Code § 61-2-9, and was not based on any impermissible factors. As such, this sentence is not subject to appellate review. *Id*. at 717, 696 S.E.2d at 19.

jurisdictions or our own jurisdiction. In *State v. King*, 205 W.Va. 422, 518 S.E.2d 663 (1999), this Court upheld an eighty-four year sentence for aggravated robbery in which no victims were injured, unlike the current matter. In addressing the appropriateness of that sentence, the Court also addressed cases from other jurisdictions wherein defendants received comparable sentences. *Id.* at 428-29, 518 S.E.2d at 669-70 (citing *State v. Alsup*, 239 Kan. 673, 722 P.2d 1100 (1986); *Robinson v. State*, 743 P.2d 1088 (Okla.Crim.App. 1987); *State v. Whitaker*, 260 Kan. 85, 917 P.2d 859 (1996). For these reasons, it is clear that a comparison of punishments from within this jurisdiction and from other jurisdictions supports petitioner's sentence. As such, we find that petitioner's sentence is not unconstitutionally excessive.

Finally, petitioner argues that the circuit court placed undue emphasis on victim impact statements. In support of his argument, petitioner states that the impact statements constituted seventy-two percent of the sentencing hearing and that the statement's included numerous photographs and visual aids. The circuit court was obligated to consider the statement to some degree. West Virginia Code § 61-11A-3(a) requires that: "[i]n every case in which a presentence report is ordered by the court, such presentence report shall contain a victim impact statement unless the court orders otherwise, if the defendant, in committing a felony or misdemeanor, caused physical, psychological or economic injury or death of the victim." The statement is statutorily required to include "a description of the nature and extent of any physical or psychological injury suffered by the victim as a result of the offense . . . ." *See* W.Va. Code § 61-11A-3(b). The record in this matter contains no evidence that the victim impact statements were considered in a manner not contemplated by our statute. The circuit court was presented with extensive information from a variety of sources during petitioner's sentencing. In addition to considering the various victim impact statements, the circuit court also reviewed "the letters of sentiment from [petitioner] and his family," the presentence investigation report, which included a summary of petitioner's prior criminal history and extensive drug abuse history. It is apparent on the face of the record that the circuit court properly focused upon the sentencing criteria and the nature of the crime, and did not place excessive emphasis on the victim impact statements.

For the foregoing reasons, the circuit court's December 2, 2013, sentencing order is hereby affirmed.

Affirmed.

**ISSUED**: May 18, 2015

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3