**Burton Eugene DARNELL, Jr., Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. C–78–569.**

Court of Criminal Appeals of Oklahoma.

Jan. 8, 1981.

Rehearing Denied Feb. 23, 1981.

Garvin A. Isaacs, Oklahoma City, for appellant.

Jan Eric Cartwright, Atty. Gen., Mary Bryce Leader, Asst. Atty. Gen., Richard Parrish, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge.

Appellant, Burton Eugene Darnell, Jr., seeks a writ of certiorari to challenge the judgment and sentence of three (3) years imprisonment entered upon his plea of guilty to a charge of Unlawful Possession of Marijuana After Former Conviction, in violation of 63 O.S.1971, § 2–402, Oklahoma County District Court Case No. CRF–78–2731. He argues that the District Court should have granted his motion to withdraw the plea of guilty and urges three propositions of error in support.

Appellant first contends that his plea of guilty was entered without the realization that his right to trial by jury was waived thereby. His argument is that a provision

of the Summary of Fact form,[1] and advice in the plea proceeding by the trial judge concerning the procedure for moving to withdraw his plea of guilty to initiate an appeal,[2] led him to believe that he could withdraw his plea of guilty and get a jury trial within ten (10) days after his guilty plea.

Appellant does not contend that the trial court failed in any respect to fully comply with proper guilty plea acceptance procedures, and the record reflects full compliance. Appellant points to testimony at the motion hearing that he suffers from cancer, Hodgkins disease, and tuberculosis of the spine, and would only live three to five months without proper treatment; that the subject of plea bargaining was not discussed between Appellant and his original trial counsel until the morning the plea was entered; that later the very day his plea was entered, he engaged other counsel to file an application to withdraw the plea of guilty and secure a jury trial. He testified that his plea was entered upon the advice of his original counsel, who stated that the three year proposed sentence was the best he could do, that an argument that the marijuana was to be used for his illnesses would be unavailing, and that a jury trial would not be in his best interest. We note that appellant has at least four prior drug related felony convictions, and a jury would have been authorized to sentence him from two to ten years under 63 O.S.1971, § 2–402 B 2.

Appellant testified that he had carefully read the Summary of Facts form and noticed the part that advised that a guilty plea waived the right to trial by jury. The crux of his theory is expressed in the following excerpt from his testimony:

" ... towards the end of the form, it has a deal pertaining to that you have ten days, pertaining to the appealing of the case and right then I decided that I would appeal the case and talk to another lawyer and see if they could do me any better.

And at the end of the paper, it said ten days to appeal so I figured I had ten days to appeal . . . .

Q. Did you know when you entered that plea that you waived your right to a jury trial?

A. That's the way it said but I figured if the appeal—you know, if I could appeal it, then a jury trial would automatically come with it." [Tr. 11]

The granting or denial of an application to withdraw a plea of guilty is commended to the discretion of the trial court. *King v. Barnes*, Okl.Cr., 432 P.2d 945 (1967); *Lauen v. State*, Okl.Cr., 515 P.2d 578 (1973). The defendant has the burden of showing that the plea was entered unadvisedly, through ignorance, inadvertence, influence or without deliberation, and that there is a defense to present to the jury. *Gilmore v. State*, Okl.Cr., 461 P.2d 992 (1969).

1. The pertinent portions of the Summary of Facts form appears to be as follows: "11. Do you understand that by entering a plea of 'Guilty' you waive your right to jury trial, waive your right to confront witnesses, and waive your privilege against self-incrimination? A. Yes ...."
"14. Do you understand you have the right to enter or maintain a plea of 'Not Guilty' and in doing so you could exercise all of the rights explained herein? A. Yes ...."
"31. To appeal from this conviction on your plea of 'Guilty' you must file an application to withdraw the plea of 'Guilty' within ten (10) days from this date setting forth in detail the grounds for such withdrawal of the plea and requesting an evidentiary hearing in the trial court, and said trial court must hold said evidentiary hearing and rule upon said application

within thirty (30) days from the date of filing same. No question may be raised in the Petition for Writ of Certiorari which requires an evidentiary hearing unless the same has been raised in the Application to Withdraw Plea in the trial court and a hearing held thereon. Do you understand? A. Yes" (O.R. 14 and 15).

2. The pertinent remarks of the judge include the following: "You have a right, if you wish, to ask me to permit you to withdraw your guilty plea, reinstate your plea of not guilty. You would have to make that request within ten days by a motion to that effect. I would have a hearing within thirty days and determine whether you should be permitted to withdraw your plea.
Do you understand that?
A. Yes, sir?" [Tr. 47 and 48].

■ After a careful review of the record, we are of the opinion that the trial court did not abuse his discretion. To credit appellant's claim, one must assume that he disbelieved express statements in the Summary of Facts form and the remarks of the judge because of statements of his right to move for withdrawal of his plea themselves conditioned on a hearing and ruling of the district court (see footnotes 1 and 2). This we can not do. The first assignment of error is without merit.

■ Appellant contends as his second assignment of error that he was denied effective assistance of counsel at the preliminary examination because a legal intern conducted the proceeding for appellant without his consent. Appellant complains that neither his retained counsel nor the magistrate advised appellant of his right to decline the intern's participation, nor was appellant's written consent obtained. However, the original attorney testified at the motion hearing that, before the preliminary hearing, he advised the appellant of the intern's intended participation, and of his right to say no to the procedure, but no objection was made by appellant. Moreover, the inquiry and written consent procedure mandated by 5 O.S.Supp.1975, Ch. 1 Appendix 6 § 8 A, relied on by appellant, applies by its terms only to the use of legal interns in the "trial" of criminal causes.[3]

■ Finally, it would appear that a claim relating to the quality of legal representation at the preliminary examination was waived by appellant's voluntary plea of guilty. See *Griffith v. State*, Okl.Cr., 516 P.2d 1348 (1973).

■ Appellant's contention that his failure to move to suppress the marijuana and quash the arrest is attributable to the intern's participation is not persuasive. The record indicates that counsel was present in the courtroom, except for a brief period during the preliminary hearing, and personally supervised the intern. Moreover, a motion to suppress could have been asserted prior to preliminary, see *Hyde v. Hutchinson*, Okl.Cr., 483 P.2d 766 (1971), making the absence of such a challenge appear more like a reasoned tactical decision by counsel, rather than a mistake by an inexperienced legal representative.

■ Appellant contends as his final assignment of error that the trial judge made up his mind before appellant's counsel concluded his summation, as evidenced by the fact that a deputy sheriff had been summoned and arrived in the courtroom during the closing argument, thereby denying appellant his Sixth and Fourteenth Amendment rights to counsel, under *Herring v. New York*, 422 U.S. 853, 95 S.Ct. 2550, 45 L.Ed.2d 593 (1975). However, *Herring* is inapposite: it dealt with a discretionary power conferred by statute on the trial court to deny *any* closing argument. In the case at bar, appellant was allowed to make his closing argument without apparent restriction. In addition, the judge's remarks and response to appellant's objection directly refutes appellant's assumption that the court called the sheriff because he had made up his mind. The record reveals the following:

"(By defense counsel) Now, Judge, I'm really not down to the crux of my argument, but I feel like the Court has already made up its mind in view of the fact that the deputy sheriff has been called and he's here in the Courtroom. THE COURT: Yes. In case that I do decide that the motion will be overruled.

---

3. "Section 8. *Permission of Client.* When the Intern represents the client at the *trial*, the Trial Court shall: A. In a criminal prosecution where confinement is a punishment, interrogate the defendant in open court, prior to the trial in order to determine whether the defendant knows the status of a Legal Intern, is aware that he is not a fully accredited lawyer; and that the defendant knowingly and intelligently understands the nature of his right to an attorney and notwithstanding agrees and consents to have the Legal Intern represent him. A record shall be made of the questions asked and the answers given. The supervising lawyer shall prepare and cause to filed in the case an authorization as set forth in Exhibit "A", signed by him which recites that the Intern is empowered by him to represent the defendant in the case." (Emphasis added).

MR. ISAACS: All right.

THE COURT: I don't like to have to wait around for a deputy sheriff to come up.

MR. ISAACS: Yes, sir.

THE COURT: It's not a good thing." [Tr. 68–69].

It is apparent that the judge sought to avoid a situation where a man advised that he will be remanded to custody must sit around a courtroom until a sheriff can arrive. Courtroom safety and the prevention of escapes make the precaution taken by the court a reasonable one. This final assignment of error is without merit.

Therefore, finding no basis in law or fact for granting the writ prayed for, the petition for writ of certiorari should be, and is hereby, denied.

CORNISH, P. J., and BRETT, J., concur.