Richard Franklin GRAVITT, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. C–82–660.

Court of Criminal Appeals of Oklahoma.

June 7, 1983.

ORDER ASSUMING ORIGINAL JURISDICTION, GRANTING WRIT OF CERTIORARI, AND REMANDING THE CASE FOR FURTHER PROCEEDINGS

Petitioner entered pleas of guilty in Tulsa County District Court to three violations of the Uniform Controlled Dangerous Substance Act, 63 O.S.1981, § 2–101, et seq. The pleas were part of an agreement whereby the State would recommend four-year suspended sentences on the charges. However, due to an unfavorable pre-sentence investigation report, the judge declined to suspend the sentences, and further declined to permit appellant to withdraw the pleas of guilty. Appellant was sentenced to three four-year terms of imprisonment to be served concurrently, and seeks review by petition for writ of certiorari.

A motion to withdraw a plea of guilty is directed to the sound discretion of

the trial court. *Elmore v. State,* 624 P.2d 78 (Okl.Cr.1981); *Darnell v. State,* 623 P.2d 617 (Okl.Cr.1981). However, in *King v. State,* 553 P.2d 529 (Okl.Cr.1976), this Court stated in relevant part:

> We now reassess our views on the issue delineated by the defendant to-wit: Should the defendant be allowed to withdraw his plea of guilty when the trial court does not accept the District Attorney's dispositional recommendation?

> \*    \*    \*    \*    \*    \*

> Such a procedure allows for at least the "taint of false inducement" even when the trial court properly advises the accused that the trial court is not bound by the District Attorney's dispositional recommendation. Therefore, in all future cases the following procedure is applicable;

> \*    \*    \*    \*    \*    \*

> 2. If the court determines from said appearing parties that the tendered plea of guilty is the result of a plea agreement and determines from the defendant that there is a factual basis for the plea of guilty, the trial court shall then require the full disclosure of the plea agreement and the trial court shall then proceed as follows:

> \*    \*    \*    \*    \*    \*

> b. Inform the defendant the trial court concurs in the plea agreement upon the condition that the presentence report, unless affirmatively waived by the defendant, and other relevant evidence are consistent with the representations made to the court at the plea hearing. However, if after receipt of the presentence report and other relevant evidence the trial court can no longer concur in the plea agreement the trial court *must* then afford the defendant the opportunity to reaffirm or withdraw his plea; or, (Footnotes omitted; emphasis added.) 553 P.2d at 533, 534, 535–536.

We are of the view that *King* controls this issue. The trial court erred in refusing to permit withdrawal of the plea of guilty.

We assume original jurisdiction and grant the petition for writ of certiorari. The judgment and sentence is reversed and the cause remanded for further proceedings consistent with the views expressed therein.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT, this the 7th day of June, 1983.

TOM R. CORNISH, J.
TOM BRETT, J.