STATE OF NEBRASKA, APPELLEE, V. KENNETH EUGENE
TEATER, APPELLANT.
351 N.W.2d 60

Filed June 22, 1984.   No. 83-753.

Dennis R. Keefe, Lancaster County Public Defender, and Dorothy Walker, for appellant.

Paul L. Douglas, Attorney General, and John Boehm, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is a criminal action in which the Lancaster County District Court accepted a plea of no contest from the defendant, Kenneth Eugene Teater, to one count of attempted first degree sexual assault on a child, as defined by Neb. Rev. Stat. §§ 28-201 and 28-319(1)(c) (Reissue 1979).  The district court sentenced Teater to the Nebraska Penal and Correctional Complex for a term of not less than 6⅔ years nor more than 15 years.  The court further found that Teater was a treatable, mentally disordered sex

offender and committed him to the Lincoln Regional Center until such time as the court has determined that Teater is no longer mentally disordered or until he has received the maximum benefit of treatment. On appeal we affirm Teater's conviction and sentence.

The facts which are relevant to the disposition of this appeal will be discussed as needed throughout the opinion.

The first issue raised by Teater is that the district court erred in finding that he was mentally competent to stand trial. On August 26, 1982, the district court ruled that Teater was incompetent to stand trial. Teater was committed to the Lincoln Regional Center, pursuant to Neb. Rev. Stat. § 29-1823 (Reissue 1979), for further evaluation. Six months later, and after extensive evaluation by psychiatrists and psychologists, the district court determined that Teater was mentally competent to stand trial. In *State v. Guatney*, 207 Neb. 501, 509, 299 N.W.2d 538, 543-44 (1980), we stated:

The question of whether the appellant is now competent to stand trial is separate and distinct from the question of whether the appellant may be responsible for the commission of the crime. The test to determine whether an accused is competent to stand trial is not the same test applied to determine whether the accused may be not guilty by reason of insanity. The test of mental competency to stand trial is whether the defendant now has the capacity to understand the nature and object of the proceedings against him, to comprehend his own condition in reference to such proceedings, and to make a rational defense. See, *State v. Crenshaw*, 189 Neb. 780, 205 N.W.2d 517 (1973); *Dusky v. United States*, 362 U.S. 402, 80 S. Ct. 788, 4 L. Ed. 2d 824 (1960); *State v. Klatt*, 187 Neb. 274, 188 N.W.2d 821 (1971).

Competency is, to some extent, a relative mat-

ter arrived at by taking into account the average level of ability of criminal defendants. We cannot, however, exclude from trial all persons who lack the intelligence or legal sophistication to participate actively in their own defense. That is not the standard by which we measure competency. Should we do so, we would preclude the trial of a number of people who are, indeed, competent to stand trial as understood in the law. The accused need not understand every legal nuance in order to be competent. He need only meet the standards as established by us in *Crenshaw* and *Klatt* and set out above.

The district court's finding that Teater was mentally competent to stand trial will not be disturbed unless there is insufficient evidence to support that finding. The test of mental capacity to plead or stand trial is the same. *State v. Quarrels*, 211 Neb. 204, 318 N.W.2d 76 (1982). Based on the current evaluations of Teater, the record reveals that two of the four doctors, one of whom reversed his prior position, found that Teater was mentally competent to stand trial. Only one of the doctors concluded that Teater was incompetent to stand trial; the other doctor gave no conclusion. As a basis for their evaluations, three of the four doctors relied on the 20 factors outlined in the concurring opinion in *State v. Gautney, supra.*

Since there is substantial evidence in the record to support the trial court's determination that Teater was, in fact, mentally competent to stand trial, we will not disturb the district court's ruling.

Teater next assigns as error that the district court erred in overruling his motion to withdraw his plea of no contest. Because this assignment of error is not discussed in the brief, we shall not consider it. See *State v. Evans*, 215 Neb. 433, 338 N.W.2d 788 (1983). We do pause to note, however, that if the issue were discussed, it would be without merit, based

on the criteria recently outlined in *State v. Holtan*, 216 Neb. 594, 344 N.W.2d 661 (1984).

For his third assignment of error Teater contends that the district court erred in accepting his "plea of no contest and finding him guilty in that the Court failed to establish by proper inquiry that the plea was made knowingly, intelligently, and voluntarily." Brief for Appellant at 5. The record does not support this argument.

Prior to acceptance of his plea, the court advised the defendant, who was represented by counsel, of the nature of the charge against him, the statutory penalty limits, and his constitutional rights to confrontation, jury trial, and privilege against self-incrimination. The court also determined that there was a factual basis for the guilty plea and that the defendant voluntarily waived all of his rights. In short, the record reveals that the district court complied with the requirements of *State v. Tweedy*, 209 Neb. 649, 309 N.W.2d 94 (1981), and *State v. Turner*, 186 Neb. 424, 183 N.W.2d 763 (1971). When asked by the court, Teater's counsel stated that he had thoroughly discussed the plea with Teater and that his client's plea was consistent with the law and the facts.

Although not discussed in the brief, Teater next alleges that the district court violated "his rights to the notice requirements of the Due Process Clauses of the Federal and State Constitutions," in that the court failed to arraign him "in a timely fashion." Brief for Appellant at 5.

Any delays in the instant case were the result of the proceedings to determine Teater's competency to stand trial and the continuance granted at the request of Teater's counsel. Both of these factors tolled the defendant's right to a speedy trial. See Neb. Rev. Stat. § 29-1207(4)(a) and (b) (Reissue 1979).

Finally, Teater argues that the district court abused its discretion in sentencing him. Teater

contends that probation would have been a more appropriate sentence.

Neb. Rev. Stat. § 29-2260(2)(a) (Cum. Supp. 1982) provides that probation should not be granted if "[t]he risk is substantial that during the period of probation the offender will engage in additional criminal conduct." The various evaluations describe Teater as a mildly mentally retarded pedophiliac who, if given the opportunity, would continue to engage in sexual misconduct with young children. Dr. James K. Cole, a clinical psychologist, stated in his report:

> Perhaps the single most important point, however, is that despite the meaning of the concept of pedophilia in Mr. Teater's case, Mr. Teater has a history of sexual involvement with young prepubescent children; this activity has been sexually rewarding, and given the opportunity he is likely to continue to attempt to engage children in sexual acts. Therefore it is wholly inappropriate to place Mr. Teater in a situation where he has the opportunity to be alone with young children.

Concerning the length of Teater's sentence, we note that attempted first degree sexual assault on a child is a Class III felony, punishable by a maximum of 20 years' imprisonment or a $25,000 fine, or both. Teater's sentence of 6⅔ to 15 years' imprisonment was within the statutory guidelines. We further note that Teater was originally charged with two counts of first degree sexual assault on a child. Pursuant to a plea bargain, Teater pled no contest to one count of attempted first degree sexual assault on a child. The district court was aware, as are we, that Teater's conduct which led to his charges was not an isolated occurrence. Having thoroughly reviewed the record, we cannot conclude that the district court abused its discretion in sentencing Teater, and therefore his sentence will not be modified on appeal. See *State v. Cooley*, *ante* p. 90, 348 N.W.2d 433 (1984).

The conviction and sentence of Kenneth Eugene Teater are hereby affirmed.

AFFIRMED.