Thurston LIGON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C–84–680.

Court of Criminal Appeals of Oklahoma.

Jan. 6, 1986.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for appellee.

No Response Necessary.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, Thurston Ligon, pled nolo contendere and waived jury trial in Carter County District Court Case Nos. CRF–84–64 and CRF–84–127 to two counts of Driving Under the Influence of Intoxicating Liquor, a subsequent offense, 47 O.S.1981, § 11–902. He was sentenced to five years' imprisonment with four years' suspended in each case, sentences to run concurrently, a fine of $100 in Case No. CRF–84–64 and $150 in Case No. CRF–84–127 and a special condition of probation to participate in and complete an alcohol recovery program.

Appellant claims the court did not determine he was competent to enter a plea of nolo contendere, that his plea was not voluntary and that he was indigent and should not be required to pay the fines.

On July 13, 1984, the date set for trial, appellant and his court appointed counsel filed a summary of facts and petitioned the court to accept a plea of nolo contendere. The court then examined appellant, under oath, and explained his rights to him in compliance with *King v. State*, 553 P.2d 529 (Okl.Cr.1976). In an effort to reconcile the difference between a guilty plea and a plea of nolo contendere, but still meet the requirement for determining a factual basis for the plea, the court required the State to make an offer of proof. *See Coyle v. State*, 706 P.2d 547 (Okl.Cr.1985). This provided a record of the facts that appellant was not contesting in his plea and the court had an opportunity to determine if there was a factual basis for the plea. The district attorney then recited with sufficient detail the facts in each case to establish all of the elements of the crimes charged. The court also inquired as to who prepared the summary of facts which had been drawn up and signed prior to the hearing. Appellant stated he gave his attorney the answers to fill in the blanks. The Court then accepted the plea.

Throughout the hearing the court would call for verbal responses from appellant. At one point, appellant requested a recess to talk to his attorney which was promptly granted. Then there was a lengthy discussion on the record between the judge and appellant regarding his finances and his ability to pay the fines and court costs. It is clear from the record appellant was competent; his decision was voluntary. The court established that appellant would have the funds to meet the fines.

At the hearing to withdraw the plea appellant did not offer any evidence on direct examination nor was any brought out on cross-examination that the medication he takes would impair his judgment. He admitted he understood he would be going to the penitentiary. He said it was later when he thought it over that he decided he did not want four years' probation. He thinks the city and county law enforcement people will harass him until his probation will be revoked and he will have to serve the whole sentence.

Having examined the record and the authorities cited by appellant we find the court fully met the requirements of *King* and *Coyle*. It was, therefore, discretionary with the court to allow appellant to withdraw his guilty plea. *Darnell v. State*, 623 P.2d 617 (Okl.Cr.1981); *Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981).

We find no abuse of discretion. AFFIRMED and CERTIORARI DENIED.