Samuel Summers JOHNSON, Appellant,

v.

STATE of Oklahoma, Appellee.

No. C–84–341.

Court of Criminal Appeals of Oklahoma.

Jan. 28, 1986.

Raymond Burger, Oklahoma City, for appellant.

No response necessary.

## MEMORANDUM OPINION

BRETT, Judge:

Appellant, Samuel Summers Johnson, pled nolo contendere and waived a jury trial in Stephens County District Court Case No. CRF–82–199. Appellant was charged with Count I, Leaving the Scene of an Accident with Personal Injury, a felony, he was sentenced to one year in jail, sixty days to be served, the balance suspended; Count II, Driving While Under the Influence of Intoxicating Liquor, a misdemeanor, one year in jail suspended; and Count III, Driving While License is Suspended, a second and subsequent offense, a misdemeanor, one year in jail suspended, all three sentences to run concurrently; he appeals.

Appellant, while intoxicated and his license suspended, hit an eleven year-old girl with his car and did not stop at the accident scene. The car was later found parked at a private club. Several days after the accident he was arrested and charged. He admits driving the car at the critical time but does not remember hitting the child. The car was owned by a third person who was not present at the scene.

On Sunday, the day before trial, appellant decided to change his pleas from not guilty to nolo contendere. The district

judge was advised of that decision in a conference call between the judge, the assistant district attorney and appellant's attorney. When the case was called the next day, January 24, 1983, appellant advised the court officially of his change of plea. The court accepted the change and made a record of the proceedings. The court explained the meaning of a nolo contendere plea; appellant acknowledged he understood. A written summary of facts was prepared, signed and filed by appellant in addition to the transcript of the proceedings. Appellant was at all times represented by privately retained counsel. The pleas were accepted and a presentence investigation was ordered.

The next hearing, which was intended to be for sentencing, was held ten months later on November 10, 1983. The first announcement was an oral motion by appellant's attorney to withdraw the pleas and re-enter not guilty pleas. Without a ruling on that motion, testimony was then taken from the accident victim's mother who appeared on behalf of appellant. She asked the court to give him favorable treatment. Two police officers, who had been involved to some degree in the investigation, appeared on their own initiative to protest any lieancy that might be shown appellant. The State, however, joined in appellant's request that he be allowed to change his pleas. The hearing was passed so appellant could present additional evidence in mitigation.

The plan that was recommended to the court was: appellant would again plead not guilty to the felony, leaving the scene of an accident with personal injury, and the misdemeanor, driving while license is suspended, and the State would dismiss those charges. Appellant would enter a guilty plea to the misdemeanor of driving while under the influence of intoxicating liquor and would be given a one year deferred sentence. In exchange for this disposition of the criminal charges appellant would help the victim get a faster and more lucrative settlement from the insurance company. This is the basis for the police officer's statement, "And my personal opinion is, I just don't think it's—that it's proper for a man to be able to buy his way out of a criminal act." Considering the claims and admissions made by appellant in his brief this statement is dangerously close to characterizing what did take place. Okla. Const. art. II, § 6.

The court had indicated reluctance to allow the joint recommendation and had so advised both sides by letter. The second hearing was primarily involved with appellant voluntarily testifying as to the circumstance around his twenty-two or twenty-three arrests between 1964 and 1981 that had been reported on the presentence investigation report. The charges were a variety of traffic violations and a bogus check charge that he pled guilty to in 1970. He had received a one year deferred sentence on the check charge. The report also reflected that as recent as August 4, 1980 appellant had been charged in another county with driving under the influence and driving under suspension. These charges were ultimately reduced to reckless driving and appellant pled guilty. On this charge he was fined and ordered to attend DUI school.

Although not separately stated, appellant raises two issues in support of his request for relief. He contends the State could not combine the two misdemeanor counts in the same information with the felony charge. His other claim is that the court as a matter of law had to allow him to withdraw his pleas. Appellant cites two circuitous reasons. The first reason is that the victim and the district attorney had recommended it. The second reason is if the court didn't follow the recommendation then appellant should have a chance to reconsider. Appellant also contends that the court granted the withdrawal of the pleas at the beginning of the first of the four sentencing hearings. Appellant opened that hearing with an oral motion to change his pleas when his attorney finished his statement the court said "all right." It is obvious the judge was only making listening sounds as the hearing then proceeded. This interpre-

tation of the proceedings is clearly nonsensical and will not be considered further.

■ The proposition that felonies and misdemeanors cannot be joined in the same information or tried in one trial is not valid. Our joinder statute and the manner in which our court system is organized not only permits combining felony and misdemeanor counts but encourages it. 22 O.S. 1981, § 436, 438; 20 O.S.1981, § 91.1; 22 O.S.1981, § 441. In the commentary of the ABA Standards for Criminal Justice, Second Edition, Volume II Standard 13–2.1 Joinder it is stated: "Former joinder restrictions based upon felony-misdemeanor classifications have been abandoned entirely." The substance of appellant's objection could have been raised, had the case gone to trial, under the provisions of 22 O.S. 1981, § 439 which protects against a prejudicial application of the joinder statutes.

■ The pivotal issue in this case is the fact question of whether or not there was an agreement for a recommendation from the State prior to the hearing on January 24. The record clearly answers this question; appellant was present when asked if there was a plea bargain. The court was advised by appellant's attorney as follows:

> MR. KEE: Your Honor, the agreement is, on the change of plea that we request a Pre-Sentence Investigation and at the conclusion of the Pre-Sentence Investigation, and if all parties have had time to review, at that time the Court will set a hearing, at which time the State may present any evidence of aggravation and we will present any evidence of mitigation, and at that time then the Court will set or pronounce whatever Judgment the Court deems fit.
>
> BY THE COURT: Uh-huh. Do you affirmatively assert that there are no plea negotiations as to penalty?
>
> BY MR. McLOUGHLIN: [Assistant District Attorney] Yes, Sir.

The court previously asked appellant:

> BY THE COURT: All right, Sir. Now, are you entering this plea of nolo conten-

dere or these pleas of nolo contendere of your own free will, and only for the— well, of your own free will? Is that correct, Sir?
>
> BY SAMUEL SUMMERS JOHNSON: Yes.
>
> BY THE COURT: All right. Have you been abused, mistreated, coerced, threatened or promised anything by anyone to get you to enter this plea, Sir?
>
> BY SAMUEL SUMMERS JOHNSON: No.

If this was not the status of this case then appellant, his attorney and the assistant district attorney committed perjury by their affirmative statements and their silence when they clearly had a duty to speak. It is much more credible that the recommendation agreement that was made occurred after the pleas were taken although the discussion may have commenced earlier. Since appellant entered his plea without the promise of a recommendation for leniency from the State, he is not entitled to withdraw it as a matter of right. *King v. State*, 553 P.2d 529 (Okl.Cr.1976). It was a matter of judicial discretion for the court to allow appellant to change his pleas again. *Darnell v. State*, 623 P.2d 617 (Okl.Cr.1981); *Elmore v. State*, 624 P.2d 78 (Okl.Cr.1981). We have examined the record and do not find an abuse of discretion. Considering the gravity of the offense the district court gave appellant a light sentence.

The judgment and sentence in Case No. CRF–82–199, as it pertains to Count I, refers to the balance of appellant's sentence as being "deferred". There was a discussion on the record at the time the judgment and sentence was entered that appellant would not have a right to appeal immediately if his sentence was deferred rather than suspended. Appellant not only elected on the record to have a right to an immediate appeal but has exercised that right.

This appeal is therefore remanded to the Stephens County District Court to correct the record herein pertaining to Count I, Leaving The Scene of an Accident With

Personal Injury. The judgment and sentence herein purports to be a "deferred" sentence with part served and part suspended, for which there is no authority. The district court is therefore ordered to correct the record by substituting a nunc pro tunc suspended judgment and sentence that provides for one year confinement in the County Jail, sixty (60) days to be served and the balance to be suspended. Judgments and Sentences are AFFIRMED and REMANDED FOR FURTHER PROCEEDINGS.

PARKS, P.J., and BUSSEY, J., concur.