STATE OF NEBRASKA, APPELLEE, V. LEE A. DAVIS, APPELLANT.
401 N.W.2d 165

Filed February 20, 1987.   No. 86-706.

Anthony S. Troia, for appellant.

Robert M. Spire, Attorney General, and LeRoy W. Sievers, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

GRANT, J.

Defendant, Lee A. Davis, appeals his conviction and sentence to 6 to 10 years in the Nebraska Penal and Correctional Complex on one count of burglary in violation of Neb. Rev. Stat. § 28-507 (Reissue 1985), following his plea of guilty to that charge. The defendant alleges the district court erred in accepting defendant's plea "when it was obvious that Mr. Davis was on medication, that he had been diagnosed as having both medical and emotional problems and was not competent enough to understand his actions." For the reasons stated below, the judgment of the district court is affirmed.

On March 17, 1986, an information was filed in the district court for Douglas County charging the defendant with one count of burglary, in that on October 2, 1985, the defendant willfully, maliciously, and forcibly entered a building occupied by Ak-Sar-Ben Metals with intent to steal property. The defendant initially entered a plea of not guilty. On June 13, 1986, the defendant, with counsel, withdrew his not guilty plea and entered a plea of guilty.

Before accepting the plea of guilty the court inquired, in detail, as to whether the defendant was fully aware of the nature of the proceedings and if defendant understood the questions the court directed to him. Defendant answered in the affirmative. The court ascertained that defendant was on medication for a "nerve problem" and specifically inquired if defendant had any difficulty with going forward with the hearing because of the medication. The defendant answered in the negative and stated he wished to proceed. The court then meticulously advised defendant of all of his constitutional rights, examined the defendant and determined that he

understood those rights, and told defendant of the possible range of penalties for burglary. After explaining the nature of the crime to defendant, the court then established the factual basis for the plea by statements from the defendant himself and from the county attorney. The arraignment complied in every respect with the standards recently set out in *State v. Irish*, 223 Neb. 814, 394 N.W.2d 879 (1986), decided October 10, 1986.

The factual allegation set out in defendant's assignment of error, stating that it was obvious that defendant was not competent at the time of his plea, is not supported in any way in the record before us. At the conclusion of the arraignment the district court found

> beyond a reasonable doubt that the defendant understands the nature of the charge against him to which he has pled guilty, that he understands the possible sentence thereunder, that the plea is made freely, knowingly, intelligently and voluntarily, and that the plea is accurate and that there is a basis in fact for the defendant's offered plea of guilty.

The evidence in the record fully supports the trial court's finding.

The conclusion that must be drawn from such finding is that defendant was competent at the time of his plea. The determination of the trial court on the issue of a defendant's competency to enter a plea of guilty will not be set aside on appeal if there is sufficient evidence to support such finding. As we held in *State v. Teater*, 217 Neb. 723, 725, 351 N.W.2d 60, 62 (1984), "The district court's finding that Teater was mentally competent to stand trial will not be disturbed unless there is insufficient evidence to support that finding. The test of mental capacity to plead or stand trial is the same."

To reinforce the correctness of the court's finding, we note that at the sentencing hearing the trial court offered defendant an opportunity to withdraw his plea of guilty. At that time defendant again informed the court that he was guilty of the crime charged, that he did not want to withdraw his plea, and that his plea of guilty was in his best interests.

There is no merit in defendant's assignment of error. The judgment of the district court is affirmed.

AFFIRMED.