**James Calvin MORGAN, Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. C–86–169.**

Court of Criminal Appeals of Oklahoma.

Oct. 27, 1987.

Donald E. Smolen, Tulsa, for petitioner.

No response necessary.

## OPINION

PARKS, Judge:

The petitioner, James Calvin Morgan, entered a plea of nolo contendere to the charge of Forcible Sodomy (21 O.S.1981, § 888), in Case No. CRF–85–2319, in Tulsa County District Court. The plea was entered, and the State recommended punishment of five (5) years imprisonment. The trial court accepted the plea and sentenced the petitioner to four (4) years imprisonment. Petitioner filed a timely application to withdraw his plea. Following a hearing on the petitioner's application, the trial court denied the petitioner's request. Petitioner has timely filed a petition for a Writ of Certiorari. We assume jurisdiction.

■ Initially, we note that a plea of nolo contendere has the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based. *See* 22 O.S.1981, § 513; *Burch v. State*, 738 P.2d 157, 158 (Okl.Cr.1987). Petitioner claims that he should be allowed to withdraw his plea of nolo contendere as both he and his attorney were laboring under a misunderstanding whereby they believed this plea would result in a suspended sentence. This conclusion was based on the erroneous assumption that petitioner had a juvenile record, but only one prior felony conviction. This, bolstered by the fact that petitioner had not been involved with the law for thirty-three (33) years, led both petitioner and his attorney to believe that a suspended sentence was possible.

Before petitioner entered his plea, it was brought to petitioner's attention that the juvenile conviction, arising in 1953, was considered a felony under 10 O.S.1971, § 1101A, which allowed males over sixteen (16) to be tried as adults while it prohibited the State from trying females under eighteen (18) as adults. This statute has since been held unconstitutional and the convictions arising thereunder voidable. *Lamb v. Brown*, 456 F.2d 18, 20 (10th Cir.1972); *Edwards v. State*, 591 P.2d 313, 318 (Okl. Cr.1979). Section 1101A was repealed in 1972. Because of these prior convictions,

**1282**

petitioner was not eligible for a suspended sentence. *See* 22 O.S.1981, § 991a. Petitioner agreed to enter his plea of nolo contendere after being advised of this information. However, when sentenced to four (4) years, petitioner immediately moved to withdraw his plea.

At the evidentiary hearing for his motion to withdraw his plea, the petitioner testified that he would not have entered his plea if he had known that he was precluded from receiving a suspended sentence. Petitioner also argued that he was eligible for a suspended sentence as his juvenile conviction was voidable. The trial court agreed that the juvenile conviction was voidable but stated that the first sentence was correct in light of the circumstances and seriousness of the crime, regardless of the validity of the juvenile felony conviction.

 This Court has held that the defendant should be allowed to withdraw his plea if it is given unadvisedly and any reasonable ground is offered in favor of his motion. *McLoud v. State*, 485 P.2d 480, 481 (Okl.Cr.1971). This decision rests within the sound discretion of the trial court. *Gravitt v. State*, 665 P.2d 831 (Okl.Cr. 1983). Here petitioner alleges that he has only one valid felony conviction and is eligible for a suspended sentence. He argues that because the trial court refused to grant a suspended sentence, he should be allowed to withdraw his plea.

The facts in this case do not support a finding that the trial court abused its discretion. Because petitioner entered his plea without "the promise of recommendation for leniency from the State, he is not entitled to withdraw it as a matter of right." *Johnson v. State*, 713 P.2d 598, 600 (Okl.Cr.1986). Nor does it appear to this Court that petitioner entered his plea unadvisedly. Petitioner acknowledged that he was aware of the risks of entering a plea. It is abundantly clear from the record that petitioner and his counsel discussed all possible alternatives. They agreed that petitioner should enter a plea of nolo contendere, even after learning that petitioner was not eligible for a suspended sentence.

Next, with regard to petitioner's claim that the district court erred in denying the motion to quash, this issue was waived by the entry of the nolo contendere plea. *See Stokes v. State*, 738 P.2d 1364 (Okl.Cr.1987).

Accordingly, the trial court did not abuse its discretion in refusing to allow the petitioner to withdraw his plea. For this reason, the judgment and sentence is AFFIRMED and the petition for certiorari is DENIED.

BRETT, P.J., concurs.

BUSSEY, J., concurs in result.