**Jimmy Ray WESTER, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. C–86–908.**

Court of Criminal Appeals of Oklahoma.

June 24, 1988.

On Rehearing Dec. 5, 1988.

Gloyd McCoy, Asst. Appellate Public Defender, Norman, for petitioner.

No response necessary.

## OPINION

PARKS, Judge:

The petitioner, Jimmy Ray Wester, entered a plea of nolo contendere to the charges of Larceny From a House (21 O.S. 1981, § 1723) and Second Degree Burglary (21 O.S.1981, § 1435), Case Nos. CRF–85–4789 and CRF–86–618, in Tulsa County District Court, before the Honorable Jay Dalton, District Judge. The trial court accepted the plea and upon the State's recommendation, sentenced petitioner to five (5) years imprisonment on each count, to run concurrent. Petitioner filed a timely application to withdraw his plea. Following a hearing on petitioner's application, the trial court denied the petitioner's request. Petitioner has filed a petition for a Writ of Certiorari. We assume jurisdiction.

Petitioner urges that the trial court erred in accepting his pleas of nolo contendere without making an appropriate interrogation regarding his competency. Because we find this issue determinative, a discussion of petitioner's remaining proposition is unnecessary. A thorough review of the records reveals that the trial court asked only two questions regarding petitioner's mental status. The extent of the trial court court's inquiry was whether petitioner was under the influence of medication and whether he had ever been declared incompetent. Although the petitioner's attorney was present, the trial court did not direct any questions to the attorney to ascertain his opinion as to petitioner's competency.

*King v. State,* 553 P.2d 529, 534 (Okla.Crim.App.1976) dictates the minimum requirements which must be met before the trial court may accept a guilty or nolo contendere plea from a defendant. The first consideration is the competency of the defendant. The trial court must, by appro-

priate interrogation of the defendant and his attorney, as well as by the defendant's demeanor, determine whether the defendant is competent to enter a plea. This requirement was further explained by this Court in *Coyle v. State*, 706 P.2d 547, 548 (Okla.Crim.App.1985), wherein it was held that the trial judge's scant interrogation regarding competency was insufficient. In *Coyle*, the trial judge asked defense counsel if he thought the defendant was competent and asked the defendant if he thought himself to be competent. This Court ruled that "[t]his brief dialogue falls short of satisfying the requirement of an 'appropriate interrogation . . . regarding the defendant's past and present mental state . . . .' "

In petitioner's case, the dialogue regarding petitioner's competency was not even as inclusive as was the dialogue in *Coyle*. The trial judge made no inquiry of petitioner's attorney, nor did he ask about petitioner's present mental state. Clearly, this requirement was not met.

Furthermore, the trial court failed to ascertain that there was a factual basis for the plea. The transcript is void of any facts which would form an adequate basis for a nolo contendere plea. After a thorough review of the record, we have been unable to find any testimony or other summary of the facts except that which is contained in the Informations. This alone is insufficient. *Coyle v. State*, 706 P.2d at 548. The present case is distinguished from *Davis v. State*, 704 P.2d 497, 499 (Okla.Crim.App.1985), in that petitioner did not admit his guilt to the acts charged in the Informations.

█ Because the trial court failed to make an appropriate inquiry into the competency of petitioner and failed to determine that there was a factual basis for the petitioner's plea, it was an abuse of discretion to refuse to allow petitioner to withdraw his pleas. Accordingly, this cause is REVERSED and REMANDED for further proceedings consistent with the views expressed herein.

BRETT, P.J., concurs.

BUSSEY, J., dissents.

## OPINION ON REHEARING

PARKS, Judge:

On June 24, 1988, this Court issued its opinion in petitioner's case, ordering that petitioner be allowed to withdraw his plea of nolo contendere. The basis for this decision was the trial court's failure to conduct an adequate interrogation as to petitioner's mental competency as well as the failure to ascertain a factual basis for the plea. On July 12, 1988, respondent filed a petition for rehearing, asserting that because "the Defendant does not admit guilt in entering this [nolo contendere] plea," a factual basis should not be required. We granted rehearing in order to address this limited issue.

*King v. State*, 553 P.2d 529, 534 (Okla. Crim.App.1976) sets forth the dictates which must be followed by the trial court when accepting a plea of guilty by a defendant. The same guidelines have been followed when a defendant is entering a plea of nolo contendere. *See Ellison v. State*, 709 P.2d 1064 (Okla.Crim.App.1985). The *King* guidelines were adopted in order to insure that a defendant's plea was knowingly, intelligently and voluntarily made as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The same concerns are valid when considering a plea of nolo contendere, especially in light of the fact that it has "the same legal effect as a guilty plea except that it may not be used against the defendant as an admission in any civil suit based on the act upon which the criminal prosecution is based." *Morgan v. State*, 744 P.2d 1280, 1281 (Okla.Crim.App.1987).

While this Court has acknowledged that a factual basis is proper in a plea of nolo contendere, several other jurisdictions have faced the issue and answered in the affirmative. *State v. Alsup*, 239 Kan. 673, 722 P.2d 1100, 1105 (1986); *State v. Loschen*, 221 Neb. 315, 376 N.W.2d 792, 795 (1985); *People v. Cannoy*, 136 Mich.App. 451, 357 N.W.2d 67, 68 (1984); *State v. Teater*, 217 Neb. 723, 351 N.W.2d 60, 62 (1984); *State v. Schill*, 93 Wis.2d 361, 286 N.W.2d 836,

845 (1980); *State v. McGhee*, 27 Ariz.App. 119, 551 P.2d 568, 569 (1976). In reaching the conclusion that a factual basis was required for a plea of nolo contendere, the *McGhee* court, quoting *North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970), stated:

> The fact that [a defendant's] plea was denominated a plea of guilty rather than a plea of **nolo contendere** is of no constitutional significance with respect to the issue now before us, for the Constitution is concerned with the practical consequences, not the formal categorizations, of state law.

The differences between a plea of guilty and a plea of nolo contendere do not persuade this Court that the trial court's procedures should vary according to which plea the defendant is entering. *See Ligon v. State*, 712 P.2d 74, 75 (Okla.Crim.App. 1986). We are aware that the determination of an adequate factual basis may pose a slightly different situation when a defendant is entering a nolo contendere plea insofar as the defendant does not actually admit guilt. Respondent asserts that "it would be improper for the trial court to require a recitation by the Defendant of the acts committed by him to form a factual basis for the nolo contendere plea." While we agree that it would be inconsistent to force a defendant to recite facts regarding his participation in the crime to which his plea is nolo contendere, a trial court may look to other sources to obtain a factual basis for accepting the defendant's plea. *See People v. Spann*, 60 Mich.App. 48, 230 N.W.2d 302, 303 (1975). For example, a trial court may consider the preliminary hearing transcript, *see, e.g., People v. Chilton*, 394 Mich. 34, 228 N.W.2d 210, 213 (1975), may rely on a stipulation of the facts, *see, e.g., A.E.K. v. State*, 432 So.2d 720, 722 (Fla.Ct.App.1983), or documentary evidence presented to the court, *see, e.g., City of Cuyahoga Falls v. Bowers*, 9 Ohio St.3d 148, 459 N.E.2d 532, 535 (1984). Additionally, some jurisdictions have enacted statutes which allow a trial court to hold an evidentiary hearing to determine a factual basis. *People v. Martinez*, 123 Mich.App.

145, 333 N.W.2d 199 (1983); *State v. Sinclair*, 301 N.C. 193, 270 S.E.2d 418 (1980).

In *Ligon v. State*, 712 P.2d at 75, this Court acknowledged that the requirement of a factual basis was valid with regard to a nolo contendere plea by upholding the trial court's action of requiring a factual basis in a nolo contendere plea. In that case, the procedure used by the trial court to obtain a factual basis was to require the State to make an offer of proof. Such a procedure is consistent with the procedures used in other jurisdictions mentioned above.

■ Thus, we decline to vary from the requirements set forth in *King v. State*, 553 P.2d at 534. We expressly hold that a factual basis is required before a trial court may accept a plea of nolo contendere. Accordingly, the trial court abused its discretion by refusing to allow petitioner to withdraw his plea.

Therefore, in light of our previous opinion, this cause is reversed and remanded for proceedings consistent with both the original opinion and the opinion on rehearing.

BRETT, P.J., concurs.

BUSSEY, J., not participating.