**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4212**

─────────

UNITED STATES OF AMERICA,

　　　　　Plaintiff – Appellee,

　　v.

ANTONIO RIVERA CRUZ,

　　　　　Defendant – Appellant.

─────────

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.　Richard L. Voorhees, District Judge.　(5:10-cr-00026-RLV-DSC-1)

─────────

Argued: January 20, 2012　　　　　Decided: March 14, 2012

─────────

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

─────────

Vacated and remanded by unpublished opinion.　Judge Diaz wrote the majority opinion, in which Judge Duncan joined.　Judge Wynn wrote a separate concurring opinion.

─────────

**ARGUED**: Peter Adolf, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.　Richard Lee Edwards, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.　**ON BRIEF**: Angela Parrott, Acting Executive Director, Ross H. Richardson, Assistant Federal Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant.　Anne

M. Tompkins, United States Attorney, Charlotte, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

DIAZ, Circuit Judge:

Antonio Rivera Cruz pleaded guilty to reentry of a removed noncitizen in violation of federal law. Concluding that Cruz's previous Oklahoma conviction for assault and battery upon a police officer qualifies as a crime of violence under the U.S. Sentencing Guidelines, the district court applied a 16-level enhancement and sentenced Cruz to 46 months' imprisonment. Cruz appeals the sentence, contending that his Oklahoma conviction does not amount to a crime of violence.

We hold that because the Oklahoma assault statute proscribes several distinct offenses, only some of which qualify as crimes of violence, Cruz's conviction under that statute is not categorically a crime of violence. The government nevertheless urges us to apply the modified categorical approach to convictions secured pursuant to Oklahoma's nondivisible assault statute. But even assuming that analysis is proper, we find no Shepard-approved documents demonstrating that Cruz's conviction rested on anything more than the least of the offenses encompassed by the statute. Reliance on the facts alleged in the state information is foreclosed by Cruz's entry of a plea of nolo contendere to the assault charge, and no other judicially sanctioned records illuminate Cruz's conduct beyond the bare fact of conviction. Accordingly, we vacate Cruz's sentence and remand to the district court for resentencing.

A federal grand jury indicted Cruz for unlawful reentry after removal. The indictment alleged that Cruz illegally entered the United States "after he had been deported and removed . . . and subsequent to a conviction for the commission of an aggravated felony," in violation of 8 U.S.C. §§ 1326(a), (b)(2). J.A. 6. Without the benefit of a plea agreement, Cruz pleaded guilty to the sole count in the indictment.

Cruz and the government proceeded to sentencing, during which Cruz's previous Oklahoma assault conviction took center stage. A criminal information filed in 2002 charged Cruz with violating an Oklahoma statute proscribing assault and battery on a police officer. The information alleged that Cruz "knowingly commit[ted] an assault and battery upon the person of one T.K. Talley[,] a police officer for the City of Tulsa[,] by head butting and contending with him while he was then and there engaged in the performance of his duties as a police officer." United States' Supp. J.A. 1.[1] Cruz ultimately entered a plea of nolo contendere to the charge, and the court found him guilty

---

[1] Although the government did not formally offer the information as evidence to the district court, both the court and the probation officer who prepared the presentence report had access to the document. The government filed a motion before this court to supplement the appellate record with a copy of the charging document, which we granted.

"of the crime of Assault and Battery Upon A Police Officer." Appellant's Supp. J.A. 1.[2] The court sentenced Cruz to a one-year term of imprisonment.

Cruz and the government disputed whether the Oklahoma assault conviction should be classified as a crime of violence for purposes of U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A), which authorizes a 16-level enhancement for defendants who unlawfully entered the United States after having been convicted of a crime of violence. The presentence report ("PSR") adopted the government's view, determining that Cruz's assault conviction is a crime of violence, imposing a 16-level enhancement, and calculating a Guidelines range of 46 to 57 months. Responding to Cruz's objections, the PSR concluded that Cruz, by entering a guilty plea, had admitted the facts alleged in the information, which established that he had head butted an officer. Acceptance of these facts was sufficient to sustain the classification of Cruz's assault conviction as a crime of violence, reasoned the PSR. Because the parties did not suggest otherwise, the district court operated under the assumption that

---

[2] The parties did not alert the district court to the nature of Cruz's plea in the Oklahoma state court. Cruz moved before us to supplement the appellate record with a copy of his state court judgment a mere two days before oral argument. Though we are baffled by the eleventh-hour disclosure of a fact that is outcome determinative of the appeal, we nevertheless grant the motion, which is unopposed by the government.

5

Cruz's conviction had been secured through a standard guilty plea. Were Cruz's arguments deemed meritorious by the sentencing judge, the PSR calculated a revised Guidelines range of 8 to 14 months.

Agreeing with the government's position, the district court adopted the PSR, including its determination that Cruz's Oklahoma conviction qualifies as a crime of violence. The court calculated a Guidelines range of 46 to 57 months and ultimately imposed a 46-month sentence.

This appeal followed.

## II.

We begin by summarizing the categorical and modified categorical approaches, with the U.S. Sentencing Guidelines serving as our starting point. "If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is . . . a crime of violence," states the Guidelines, "increase by 16 levels if the conviction receives criminal history points under Chapter Four." U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A). This dictate naturally requires that we determine whether a defendant's prior conviction qualifies as a crime of violence. It is in response to this inquiry that the categorical and modified categorical approaches do their work.

To remain faithful to the central tenet of the categorical approach, courts must look only to the statutory definition of the offense, not to facts underlying a particular defendant's conviction under the statute. Taylor v. United States, 495 U.S. 575, 600 (1990).[3] Courts focus on the generic form of the crime, confined to considering " 'whether the elements of the offense are of the type that would justify its inclusion [under the "crime of violence" umbrella], without inquiring into the specific conduct of this particular offender.' " Sykes v. United States, 131 S. Ct. 2267, 2272 (2011) (quoting James v. United States, 550 U.S. 192, 202 (2007)). Applying the categorical approach to a statute that captures a broad range of conduct, we are required to conclude that the conviction rested on the least serious of the acts proscribed. Johnson v. United States, 130 S. Ct. 1265, 1269 (2010).

In a narrow set of cases, courts may "go beyond the mere fact of conviction," Taylor, 495 U.S. at 602, and apply the modified categorical approach to "determin[e] which statutory phrase (contained within a statutory provision that covers several different generic crimes) covered a prior conviction,"

_____

[3] Given the similarity between the analyses, we rely on precedent interpreting the Armed Career Criminal Act's "violent felony" language when confronting the Guidelines' crime-of-violence provisions. United States v. Jenkins, 631 F.3d 680, 683 (4th Cir. 2011).

*Nijhawan v. Holder*, 129 S. Ct. 2294, 2303 (2009). This approach "permits a court to determine which statutory phrase was the basis for the conviction by consulting the trial record-- including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." *Johnson*, 130 S. Ct. at 1273. When reviewing a conviction secured pursuant to a guilty plea, a sentencing court focuses on "the statement of factual basis for the charge, shown by a transcript of plea colloquy or by written plea agreement presented to the court, or by a record of comparable findings of fact adopted by the defendant upon entering the plea." *Shepard v. United States*, 544 U.S. 13, 20 (2005) (citation omitted). "With such material in a pleaded case, a later court could generally tell whether the plea had 'necessarily' rested on the fact identifying" the offense as a generic crime of violence. *Id.* at 20-21.

We have restricted use of the modified categorical approach when the underlying conviction was secured through entry of a plea pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). *United States v. Alston*, 611 F.3d 219, 224-27 (4th Cir. 2010). Sixth Amendment concerns animated our decision in *Alston*, and we interpreted Supreme Court precedent as narrowing "materials that a sentencing court may consult when evaluating the nature of a

8

prior conviction in order to ensure that the court . . . is only finding facts inherent in the fact of a prior conviction or admitted by the defendant." Id. at 226.

Alston had entered an Alford plea to second-degree assault, which we found "did not necessarily rest on facts establishing his participation in a type of assault that qualifies as a violent felony in that (1) he admitted to no such facts and (2) such facts are not inherent in a Maryland conviction for second-degree assault." Id. at 221 (citation omitted). Accordingly, Alston's assault conviction could not be classified as a violent felony authorizing enhancement of his sentence. Id. Rejecting the government's attempts to use the factual proffer to demonstrate that Alston had committed an aggravated assault, we reasoned that Alston's entry of an Alford plea meant that he "explicitly pleaded guilty without admitting" the facts alleged in the proffer such that those same facts "could not be found by the sentencing court without risking a violation of the Sixth Amendment." Id. at 227.

III.

We review de novo whether a conviction qualifies as a crime of violence. United States v. Diaz-Ibarra, 522 F.3d 343, 347 (4th Cir. 2008). Looking first to the categorical approach, we hold that the Oklahoma assault statute is not categorically a

9

crime of violence. The statute proscribes an array of crimes, some of which do not constitute violent offenses.

Cruz asserts that the inquiry starts and stops with application of the categorical approach, faced as we are with a nondivisible statute of conviction. The government counters Cruz's analytical model, maintaining that we may apply the modified categorical approach. We need not resolve this dispute to decide this case because resort to the modified categorical approach is of no help to the government. Cruz's entry of a nolo contendere plea forbids us to consider the facts alleged in the state information, and we find no Shepard-approved documents demonstrating that Cruz was convicted of a crime of violence.

A.

Conducting our analysis pursuant to the categorical approach, we have no trouble determining that an Oklahoma conviction for assault and battery upon a police officer is not categorically a crime of violence.

The categorical approach posits that a particular offense is categorically a crime of violence only if all conduct proscribed by the statute amounts to a crime of violence. Johnson, 130 S. Ct. at 1269. To so qualify, a statute must encompass "a category of violent, active crimes." Leocal v. Ashcroft, 543 U.S. 1, 11 (2004). A statute criminalizing mere

10

touching, no matter how slight, is not categorically a crime of violence. Johnson, 130 S. Ct. at 1270.

Cruz was convicted under an Oklahoma statute imposing criminal liability on individuals who assault a law enforcement officer:

> Every person who, without justifiable or excusable cause knowingly commits battery or assault and battery upon the person of a police officer, sheriff, deputy sheriff, highway patrolman, corrections personnel, or other state peace officer employed or duly appointed by any state governmental agency to enforce state laws while said officer is in the performance of his duties, upon conviction, shall be guilty of a felony.

Okla. Stat. tit. 21, § 649. As used in the statute, "[a]n assault is any willful and unlawful attempt or offer with force or violence to do a corporal hurt to another." Id. § 641. A battery, in turn, "is any willful and unlawful use of force or violence upon the person of another." Id. § 642. Under Oklahoma law, "only the slightest touching is necessary to constitute the 'force or violence' element of battery." Steele v. State, 778 P.2d 929, 931 (Okla. Crim. App. 1989).

Oklahoma's assault statute is almost identical to the statute at issue in Johnson, and the dictates of Johnson therefore lead us to conclude that the Oklahoma statute is not categorically a crime of violence. Like the statute in Johnson, 130 S. Ct. at 1269–70, Oklahoma's assault statute captures a range of conduct that includes "the slightest touching," Steele,

11

778 P.2d at 931. A conviction for "the slightest touching" is not a crime of violence, however. Johnson, 130 S. Ct. at 1270. Because not all of the conduct proscribed by the Oklahoma statute qualifies as a crime of violence, application of the categorical approach precludes a finding that Cruz has a prior conviction for a crime of violence. See id. at 1269.

### B.

We turn now to consider whether, as the government urges, Cruz's assault conviction, though not categorically a crime of violence, nevertheless may be treated as one pursuant to the modified categorical approach. Here, however, even if we assume that the modified categorical approach may be used to analyze convictions secured under Oklahoma's nondivisible assault statute, we find no Shepard-approved documents demonstrating that Cruz was convicted of anything more than the slightest touching of a police officer. The government has consequently failed to meet its burden of demonstrating that Cruz has been convicted of a crime of violence.

The government resists this conclusion by contending that, under the modified categorical approach, we may properly consider the facts alleged in the information to determine the basis for Cruz's assault conviction. In the government's view, Cruz's guilty plea necessarily rested on an admission of the

12

information's factual allegations--including that he head butted an officer--which reveal that his conviction qualifies as a crime of violence. We reject this argument, concluding that Alston forecloses us from considering the facts alleged in the charging document when a defendant enters a plea of nolo contendere under Oklahoma law.

We begin by noting that Alston's logic applies with equal force where, as here, a defendant's prior conviction was secured by entry of a plea of nolo contendere. See 611 F.3d at 224 (finding that the D.C. Circuit's consideration of similar issue with respect to plea of nolo contendere is an "analogous question[]"). Both types of pleas are hallmarked by the defendant's refusal to admit guilt. Id. at 226 (reasoning that a defendant who enters an Alford plea "does not admit guilt"); Wester v. State, 764 P.2d 884, 887 (Okla. Crim. App. 1988) (noting that a defendant "does not actually admit guilt" when entering a nolo contendere plea). Thus, to maintain fidelity to the strictures of the Sixth Amendment, we must sanction a finding that Cruz's prior conviction qualifies as a crime of violence only if he admitted facts so establishing it or such facts are inherent in a conviction under Oklahoma law for assault and battery upon a police officer. See Alston, 611 F.3d at 221.

13

Whereas under Oklahoma law a defendant entering a guilty plea "admits the facts pleaded in the information," Lozoya v. State, 932 P.2d 22, 30 (Okla. Crim. App. 1996), Oklahoma courts have not held that entry of a nolo contendere plea supports a finding that a defendant admitted facts alleged in the information. This judicial caution is consonant with the key distinction between entry of a guilty plea and a nolo contendere plea under Oklahoma law--that the defendant "does not actually admit guilt" in the latter scenario, Wester, 764 P.2d at 887.[4]

Applying Oklahoma law to our Guidelines analysis here, we cannot conclude that Cruz's conviction for assault and battery upon a police officer rested on anything more than the slightest touching, an offense that is categorically not a crime of

---

[4] The Tenth Circuit, in an unpublished decision, found that a plea of nolo contendere under Oklahoma law "admits the facts pleaded in the information." Pettit v. Addison, 150 F. App'x 923, 924 n.1 (10th Cir. 2005). To reach this determination, the court relied on two Oklahoma decisions: Morgan v. State, 744 P.2d 1280, 1281 (Okla. Crim. App. 1987), which states that a plea of nolo contendere has the same legal effect as a guilty plea, except in civil proceedings; and Lozoya, 932 P.2d at 30, which holds that a guilty plea admits facts alleged in the information. The Tenth Circuit did not acknowledge that a defendant "does not actually admit guilt" when entering a nolo contendere plea, Wester, 764 P.2d at 887, and we do not agree that the reasoning in Morgan and Lozoya yields the conclusion that a defendant admits facts charged in the information when so pleading. To the extent that Oklahoma law is ambiguous on the precise import of a nolo contendere plea in further criminal proceedings, we resolve any doubts against the government, which bears the burden of demonstrating that a defendant's prior conviction permits sentence enhancement as a crime of violence.

14

violence. We may not consider the facts alleged in the state information, as the government urges us to do, because Oklahoma law does not posit that a defendant who enters a plea of nolo contendere admits such facts. See id.

This feature of Oklahoma law distinguishes Cruz's case from United States v. De Jesus Ventura, 565 F.3d 870 (D.C. Cir. 2009), relied on by the government. In Ventura, the court considered facts alleged in the Virginia information to which the defendant entered a plea of nolo contendere, but only because under Virginia law a defendant so convicted expressly admits the facts alleged in the information. Id. at 879. United States v. Savage, 542 F.3d 959 (2d Cir. 2008), is similarly unhelpful to the government's position. There, the government conceded that the charging document did not narrow the charge to include only predicate conduct, id. at 966–67, so the court's ensuing discussion is not germane to our purposes. And, in any event, we are convinced that Oklahoma law read in conjunction with Alston forecloses resort to the charging document here, regardless of the Second Circuit's pronouncements on similar issues. Rather, as in Alston, because Cruz "explicitly pleaded guilty without admitting" the facts alleged in the information, the facts "could not be found by the sentencing court without risking a violation of the Sixth Amendment," 611 F.3d at 227.

15

The government has proffered no additional evidence demonstrating that Cruz's conviction qualifies as a crime of violence. With no Shepard-approved documents to illuminate the basis for Cruz's conviction, we must assume that it rested on the least serious of the acts encompassed by Oklahoma's assault statute. See Johnson, 130 S. Ct. at 1269. Oklahoma's statute proscribes even the "slightest touching," Steele, 778 P.2d at 931, an offense that is categorically not a crime of violence, Johnson, 130 S. Ct. at 1270. We accordingly hold that Cruz's prior conviction for assault and battery upon a police officer does not constitute a crime of violence.

IV.

For the foregoing reasons, we vacate Cruz's sentence and remand to the district court for resentencing.

VACATED AND REMANDED

16

WYNN, Circuit Judge, concurring:

I write separately because it is unnecessary, in my view, to assume the use of the modified categorical approach in ascertaining whether Cruz's conviction under the Oklahoma assault statute is a crime of violence.

The modified categorical approach is only to be used when a court is analyzing a prior conviction under a statute that is drafted, or interpreted to be capable of proof, in the disjunctive (i.e., with alternative elements or more than a single set of elements). See Johnson v. United States, 130 S.Ct. 1265, 1273 (2010) ("When the law under which the defendant has been convicted contains statutory phrases that cover several different generic crimes, . . . the 'modified categorical approach' . . . permits a court to determine which statutory phrase was the basis for the conviction . . . ." (internal citation and quotation marks omitted) (emphasis added)); see also United States v. Vann, 660 F.3d 771, 778 (4th Cir. 2011) (King, J., concurring in judgment) ("Use of the modified categorical approach is only appropriate when the statute of conviction encompasses multiple distinct categories of behavior."); id. at 799 (Keenan, J., concurring) (explaining that the modified categorical approach is used to determine "which proscribed criminal behavior in a disjunctively-worded statute formed the basis of a defendant's conviction"); id. at

17

807 (Niemeyer, J., concurring in part and dissenting in part) (explaining that "[b]ecause North Carolina's indecent liberties statute contains at least two separate generic offenses for ACCA purposes, it is appropriate, . . . to employ the modified categorical approach").

The Oklahoma assault statute has only a single set of elements, constitutes only a single category of crime, and, consequently, our analysis should begin and end with the categorical approach. See United States v. Rivers, 595 F.3d 558, 564 (4th Cir. 2010) (holding that "the statute only contains one category of crime and therefore cannot be analyzed under the modified categorical approach"); see also Vann, 660 F.3d at 782 (King, J., concurring in judgment) ("The categorical approach, when it applies . . . is mandatory and dispositive. . . . [T]here is no precedent for the proposition that the categorical approach is a tool of convenience that can be discarded when the other methodology might advance the government's interest."). Because Cruz's prior conviction under the Oklahoma assault statute required proof of only the "slightest touching," Steele v. State, 778 P.2d 929, 931 (Okla. Crim. App. 1989), this conviction did not have "as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, Application Note 1(B)(iii) (defining "crime of violence"); see Johnson v.

18

United States, 130 S.Ct. 1265 (2010) (holding that simple assault, which may be established with proof of "slightest touching," is categorically not a violent felony for purposes of the ACCA).  Therefore, and as the majority holds, "the Oklahoma assault statute is not categorically a crime of violence."  Ante at 10.  Our analysis should end here.